**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-01448-REB

THARRON DENNIS BROWN,

    Applicant,

v.

TERESA K. COZZA-RHODES, Warden, FCI-Florence,

    Respondent.

**ORDER TO SUPPLEMENT RESPONSE TO ORDER TO SHOW CAUSE**

**Blackburn, J.**

This matter is before me on the ***pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#1][1] filed June 4, 2012, by Applicant Tharron Dennis Brown. On July 2, 2012, Respondent was ordered to show cause why the Application should not be granted. Respondent has filed a **Response to Order to Show Cause** ("Response") [#18] arguing only that the Application should be dismissed for lack of jurisdiction because Applicant is challenging the validity of his sentence and must do so in a motion pursuant to § 2255 rather than in an application for a writ of habeas corpus under § 2241.

I must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate

---

[1] "[#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP").  He was convicted of bank robbery and is serving a sentence of 120 months in prison.  *See United States v. Brown*, No. 05-cr-00276-WYD (D. Colo. Dec. 29, 2005).

Applicant alleges in the Application that the presentence report ("PSR") prepared in his criminal case incorrectly attributes to him five prior Texas convictions for Tyrone Fred Hines.  According to Applicant, he was incarcerated in the Colorado Department of Corrections at the time the Texas offenses were committed by Tyrone Fred Hines.  Applicant specifically claims that his constitutional rights have been violated because he improperly was assessed criminal history points in the PSIR based on the Texas offenses committed by Tyrone Fred Hines and the sentencing court relied on the erroneous PSIR in determining his sentence.  Applicant also claims that his constitutional rights have been violated because the BOP has used the erroneous PSR to deny rehabilitative programs, favorable custody designations, prison employment opportunities, and good time credits.  As relief Applicant requests that an amended PSR be prepared and that the BOP reevaluate his status with respect to his custody, rehabilitative programs, and other services available to federal prisoners.

Although not addressed by the parties, I note that Applicant previously filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that substantively is identical to the Application in the instant action.  *See Brown v. Wands*, No. 11-cv-02706-LTB (D. Colo. Dec. 20, 2011).  The Honorable Lewis T. Babcock denied the habeas corpus application without prejudice for failure to exhaust administrative remedies.  *See* No. 11-cv-02706-LTB at [#14].  The United States Court of Appeals for

the Tenth Circuit affirmed the order dismissing the habeas corpus application on appeal. *See Brown v. Wands*, 463 F. App'x 806 (10th Cir. 2012).  The Tenth Circuit specifically rejected the government's argument that all of Applicant's claims challenged the validity of his sentence and must be raised pursuant to § 2255.

> As an initial matter, we consider the government's argument that we should affirm the district court's decision on the alternate ground that this is a disguised attempt to bring a second or successive § 2255 petition.  To the extent Petitioner seeks to challenge the sentence imposed by the sentencing court, we agree that his claims must fail as second or successive claims for § 2255 relief.  However, the bulk of his petition is focused on the Bureau of Prison's execution of his sentence, and Petitioner properly brought these challenges to the execution of his sentence under § 2241.  We thus reject the government's attempt to recategorize Petitioner's petition as falling under § 2255.

*Id.* at 807-08.

As noted above, Respondent's sole argument in the Response, set forth in one paragraph, is that the Application should be dismissed for lack of jurisdiction because Applicant is challenging the validity of his sentence and must do so in a motion pursuant to § 2255 rather than in an application for a writ of habeas corpus pursuant to § 2241.  Respondent does not address Applicant's claims to the extent he is challenging the execution of his sentence by the BOP, which the Tenth Circuit described as the bulk of the Application.  Therefore, Respondent will be directed to file a supplement to the Response that addresses the merits of Applicant's claims challenging the execution of his sentence by the BOP.  Accordingly, it is

ORDERED that **within twenty-one (21) days from the date of this Order** Respondent shall file a supplement to the Response that complies with this Order.  It is

FURTHER ORDERED that **within twenty-one (21) days of the filing of any supplement to the Preliminary Response** Applicant may file a Reply to the supplement, if he desires.

Dated January 31, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge