**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-01448-REB

THARRON DENNIS BROWN,

    Applicant,

v.

TERESA K. COZZA-RHODES, Warden, FCI-Florence,

    Respondent.

**ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS**

**Blackburn, J.**

This matter is before me on the *pro se* **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** ("Application") [#1][1] filed June 4, 2012, by the Applicant Tharron Dennis Brown. On July 2, 2012, Respondent was ordered to show cause why the Application should not be granted. Respondent filed a **Response to Order to Show Cause** ("Response") [#18], and Applicant filed a **Reply to Order to Show Cause** ("Reply") [#21]. On January 31, 2013, Respondent was ordered to file a supplement to the Response. Respondent filed a **Supplemental Response to Order to Show Cause** ("Supplemental Response") [#31], and Applicant filed a reply to the Supplemental Response ("Supplemental Reply") [#32].

I must construe the papers filed by Applicant liberally because he is not

---

[1] "[#1] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520 (1972) (per curiam); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not be an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.

I reviewed carefully the pertinent portions of the record in this case, including the Application, Response, Reply, Supplemental Response, and Supplemental Reply. I conclude that the Application should be denied.

## I.  BACKGROUND

Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP").  He was convicted of bank robbery and is serving a sentence of 120 months in prison.  **See United States v. Brown**, No. 05-cr-00276-WYD (D. Colo. Dec. 29, 2005).

Applicant alleges that the presentence report ("PSR") prepared in his criminal case incorrectly attributes to him five prior Texas convictions for Tyrone Fred Hines. According to Applicant, he was incarcerated in the Colorado Department of Corrections at the time the Texas offenses were committed by Tyrone Fred Hines.  Applicant claims specifically that his constitutional rights have been violated because he improperly was assessed criminal history points in the PSIR based on the Texas offenses committed by Tyrone Fred Hines, and the sentencing court relied on the erroneous PSR in determining his sentence.  Applicant claims also that his Fifth and Fourteenth Amendment rights to due process have been violated because the BOP has used the erroneous PSR to deny rehabilitative programs, favorable custody designations, prison employment opportunities, and good time credits.

According to Respondent, the BOP relies on information in an inmate's PSR to

determine an inmate's criminal history score which, is one factor used to determine an inmate's security point total, which determines an inmate's custody classification as Minimum, Low, Medium, or Administrative. Respondent states further that Applicant's current, custody classification is Medium based on his security point total. Applicant contends that his custody classification would be Low if the allegedly erroneous information in his PSR were corrected. As relief, Applicant requests that an amended PSR be prepared and that the BOP reevaluate his custodial status and his eligibility for rehabilitative programs and other services available to federal prisoners. ([#1] at 8.)

I note initially that Applicant has raised the same or similar claims in a number of other filings in the District of Colorado. On December 3, 2010, Applicant filed in his criminal case a motion seeking a recalculation of the sentencing guidelines applicable to his case without inclusion of the prior Texas offenses committed by Tyrone Fred Hines. *See* No. 05-cr-00276-WYD at [#37]. On February 4, 2011, the Honorable Wiley Y. Daniel denied that motion because Applicant was not entitled to relief under 18 U.S.C. § 3582(c) and, to the extent he was seeking relief under 28 U.S.C. § 2255, the claim was time-barred. *See id.* at [#39].

On April 18, 2011, Applicant filed in his criminal case a motion pursuant to 28 U.S.C. § 2255 claiming counsel was ineffective for failing to challenge inclusion in the PSR of the prior Texas offenses committed by Tyrone Fred Hines. *See id.* at [#40]. On May 4, 2011, Judge Daniel denied the § 2255 motion for lack of jurisdiction because the motion was an unauthorized second or successive motion. *See id.* at [#42]. On August 11, 2011, the United States Court of Appeals for the Tenth Circuit denied Applicant

authorization to file a second or successive motion pursuant to 28 U.S.C. § 2255 to challenge the alleged errors in the PSIR.  **See id.** at [#46].

On October 18, 2011, Applicant filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that substantively is identical to the Application in the instant action.  **See Brown v. Wands**, No. 11-cv-02706-LTB (D. Colo. Dec. 20, 2011). The Honorable Lewis T. Babcock denied the habeas corpus application without prejudice for failure to exhaust administrative remedies.  **See** No. 11-cv-02706-LTB at [#14].  On appeal, the Tenth Circuit affirmed the order dismissing the habeas corpus application without prejudice.  **See Brown v. Wands**, 463 F. App'x 806 (10th Cir. 2012).

However, the Tenth Circuit specifically rejected the government's argument that all of Applicant's claims challenged the validity of his sentence and must be raised pursuant to § 2255.

> As an initial matter, we consider the government's argument that we should affirm the district court's decision on the alternate ground that this is a disguised attempt to bring a second or successive § 2255 petition.  To the extent Petitioner seeks to challenge the sentence imposed by the sentencing court, we agree that his claims must fail as second or successive claims for § 2255 relief.  However, the bulk of his petition is focused on the Bureau of Prison's execution of his sentence, and Petitioner properly brought these challenges to the execution of his sentence under § 2241.  We thus reject the government's attempt to recategorize Petitioner's petition as falling under § 2255.

**Id.** at 807-08.  After exhausting administrative remedies, Applicant raised his claims anew in the instant action.

## II. DISCUSSION

Respondent contends first that the Application should be dismissed for lack of

4

jurisdiction because Applicant is challenging the validity of his sentence and must do so in a motion pursuant to § 2255 rather than in an application for a writ of habeas corpus pursuant to § 2241. I agree that Applicant includes within the Application arguments and claims that challenge the validity of the sentence imposed in his criminal case as a result of the allegedly erroneous information in the PSR. Respondent is correct that such arguments and claims may not be raised in a habeas corpus action under § 2241 and must be dismissed for lack of jurisdiction. **See id.** However, as the Tenth Circuit noted, Applicant also raises due process claims that, at least on the face of the Application, challenge the execution of his sentence by the BOP and properly are raised under § 2241. **See id.**

With respect to the merits of Applicant's due process claims that appear to challenge the execution of his sentence, Respondent contends in the Supplemental Response that those claims are not actually habeas corpus claims and that, in any event, the claims lack merit because Applicant has no constitutional right to any particular classification. I agree.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973). Thus, "a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." **Palma-Salazar v. Davis**, 677 F.3d 1031, 1035 (10th Cir. 2012). However, "a prisoner who challenges the conditions of his confinement must do so

through a civil rights action." ***Id.***

As noted above, Applicant claims that his due process rights have been violated because the BOP has used the erroneous information in his PSR to deny rehabilitative programs, favorable custody designations, prison employment opportunities, and good time credits. The contentions relating to rehabilitative programs, custody designations, and prison employment are not properly raised in this habeas corpus action because Applicant makes no argument that the alleged denials of rehabilitative programs, favorable custody designations, and prison employment opportunities impact the length of his confinement in any way. Furthermore, federal inmates have no constitutional right to a particular classification. ***See Moody v. Daggett***, 429 U.S. 78, 88 n.9 (1976); ***see also Williams v. Fed. Bureau of Prisons and Parole***, 85 F. App'x 299, 304 (3d Cir. 2004) (rejecting due process claim by federal prisoner in § 2241 habeas corpus action challenging false information in PSR that allegedly resulted in improper classification).

However, if Applicant is correct that the BOP has relied on erroneous information in his PSR to deny him good time credits, he may state an arguable habeas corpus claim because the denial of good time credits would impact the length of his incarceration. Concerning Applicant's contention that the BOP has relied on erroneous information in his PSR to deny him good time credits, Applicant fails to present any evidence that demonstrates he actually has been denied good time credits as a result of the allegedly erroneous information in his PSR that he contends has resulted in a higher custody classification. The only evidence before me on the issue of good time credits is

the copy of BOP Program Statement p5884.03, which governs Good Conduct Time Under the Prisoner Litigation Reform Act, submitted by Respondent.  (*See* [#31-3].) Respondent asserts, and my review of the Program Statement confirms, that there is no link between the amount of good conduct time an inmate may receive and the inmate's custody classification.  (*See id.*)  Therefore, Applicant's unsupported assertion that the BOP has relied on erroneous information in his PSR to deny him good time credits will not support the due process claim he asserts in the Application.  As a result, the Application lacks merit and must be denied.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1] filed June 4, 2012, by Applicant Tharron Dennis Brown is **DENIED**; and

2. That this case is **DISMISSED**.

Dated April 17, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge